UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TRIAXIAL MEDICAL, INC.
a Florida corporation,

    Plaintiff,

v.

CASE NO. 6:11-CV-1278-ORL-22-GJK

DAVID STRINGHAM, an individual,
REFERRAL EXPERTS, LLC,  a Utah
Limited Liability Company d/b/a
LOOKINGYOURBEST.COM, and
BEVERLY HILLS PHYSICIANS
ASSOCIATES, INC., a California corporation,

    Defendants.
_____/

### DEFENDANTS REFERRAL EXPERTS AND DAVID STRINGHAM'S JOINT MOTION TO TRANSFER VENUE AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Defendants, David Stringham and Referral Experts, LLC, by and through their counsel, Dean, Mead, Egerton, Bloodworth, Capouano & Bozarth, P.A., provides this Memorandum of Points and Authorities in favor of their Motion to Transfer Venue, pursuant to U.S.C. §§ 1391 (b) & (c), 1400, and 1404(a).

### INTRODUCTION

This is a case about copyright infringement.  However, the Defendants reside and otherwise conduct business in Utah and California.  None of the Defendants reside, or conduct substantial business in Florida.  Because venue is improper or otherwise inconvenient in Florida and the District Court for the Middle District of Florida does not have personal jurisdiction over the Defendants, this court should transfer venue to the U.S. District Court in and for Utah.

## FACTS

1. Plaintiff, Triaxial Medical, Inc. is a Florida corporation, having its principal place of business in Melbourne, Florida.

2. Plaintiff filed this suit and had the summons served on October 28th, 2011 at 12:40 p.m.

3. Defendant David Stringham ("Stringham") is an individual residing in Utah and is a manager of Referral Experts, LLC ("Experts").

4. Experts is a Utah limited liability company conducting business in the state of Utah. Experts has no office, employees, of affiliates in Florida. *Stringham Affidavit,* Exh. "A".

5. Experts' office for business and office for service of process is 829 South 220 East, Orem, UT 84058.

6. Experts has no mailing address, own any real or personal property, advertise, or maintain a telephone listing in Florida. *Id.*

7. Experts has approximately 50 customers who reside in Florida. Because Experts does not regularly conduct business in Florida, it has not and does not travel to Florida. These customers contacted Experts through its website which Experts maintains and operates in Utah. *Id.*

8. Stringham has not ever traveled to Florida for any business related venture.

9. Defendant Beverly Hills Physicians Associates, Inc. ("BHP") is a California corporation which presumably has its principal place of business in Beverly Hills California with offices throughout southern California. *See* http://beverlyhillsphysi5.reachlocal.net/office-locations/encino.php (last visited on November 9th, 2011).

10. BHP's offices include locations in Bakersfield, Ca.; Beverly Hills, Ca.; Long Beach, Ca.;

        Dubai;  Encino, Ca.; Rancho Cucamonga, Ca.; Irvine, Ca.; Florence, Italy; Rome, Italy; Lancaster, Ca.; Oxnard, Ca.; Pasadena, Ca.; San Francisco, Ca.; Thousand Oaks, Ca.; Torrance, Ca.; and Valencia, Ca. *Id.*

11. Plaintiff has alleged that Defendants collectively or individually misappropriated material embodied in US Registration No.: TX-6-899-442.

12. Neither Experts nor Dave Stringham had any independent knowledge of the original source of the work embodied in US Registration No.: TX-6-899-442 (The "Work") when they first came into contact with the Work through BHP. *Stringham Affidavit,* Exh. "A".

13. Both Experts and Dave Stringham had their first contact with the Work from a physician affiliated with BHP working in California. *Id.*

## ARGUMENT

### I. THIS COURT IS NOT AN APPROPRIATE VENUE AND SHOULD TRANSFER THIS CASE TO UTAH

Defendants move this court to dismiss under Federal Rule 12(b)(2) of the Federal Rules of Civil Procedure.  This court does not have jurisdiction and venue is not proper under 28 U.S.C. 1391, 1400 and 1404.  Defendants, Experts and Stringham address these issues in turn. 28 U.S.C. §1391 (b) states that an action may be brought "where any defendant resides," where a substantial part of the "events or omissions" occurred, or a district where any defendant may be "found."  As none of the Defendants operate in or reside in Florida, and because none of the events occurred in Florida,  28 U.S.C. §1391 (b) does not make this venue appropriate.

        28 U.S.C. §1391 (c) states that "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced."  In selecting which district provides the appropriate forum, the court looks to

which district the corporation has "the most significant contacts."   There is also a specific provision for breach of copyright:

> (a) Civil actions, suits, or proceedings arising under any Act of Congress relating to copyrights or exclusive rights in mask works or designs *may be instituted in the district in which the defendant or his agent resides or may be found*.

This statute does little more than §1391 (c) to suggest that jurisdiction or venue are appropriate in Florida as known of the Defendants reside in Florida.  In fact, 28 U.S.C. §1400 tends to suggest that the proper venue is in Utah, not Florida.   The court must assess whether §1391 (c) makes this court the appropriate venue by determining if this District has personal jurisdiction over the Defendants.  In these types of cases, the 11th Circuit turns to a two part analysis to determine, under 1391(c), if Florida has specific or general personal jurisdiction over the Defendant.

  *a. The Florida "Long Arm Statute" is Not Met in this Instance.*

First, the federal district court must assess whether Florida's "long arm" statute permits it to exercise jurisdiction "over non-resident defendants".  *Licciardello v. Lovelady*, 544 F.3d 1280, 1283 (11th Cir. 2008)("A federal district court in Florida may exercise personal jurisdiction over a nonresident defendant to the same extent that a Florida court may, so long as the exercise is consistent with federal due process requirements"); *citing* Fed.R.Civ.P. 4(e)(1), (h), and (k); *Sculptchair, Inc. v. Century Arts*, Ltd., 94 F.3d 623, 626-27 (11th Cir.1996).

In the present case Florida's "long arm statute" is contained in Florida Statute § 48.193:

```
(1) Any person, whether or not a citizen or resident of
this state, who personally or through an agent does any of
the acts enumerated in this subsection thereby submits
himself or herself and, if he or she is a natural person,
his or her personal representative to the jurisdiction of
the courts of this state for any cause of action arising
from the doing of any of the following acts:
     (a) Operating, conducting, engaging in, or carrying on
```

>> a business or business venture in this state or having an office or agency in this state.
> (b) Committing a tortious act within this state.
> ... (f) Causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury, either:
>> 1. The defendant was engaged in solicitation or service activities within this state; or
>> 2. Products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use.

In *Licciardello v. Lovelady* the Defendant created a website in Tennessee that *intentionally* infringed on a trademark held by plaintiff in Florida. The court found that the injury and infringement both occurred in Florida because the defendant resided in Florida and the plaintiff's website that infringed on the trademark could be accessible in Florida. *Licciardello v. Lovelady,* 544 F.3d 1280, 1283 (11th Cir. 2008). *Licciardello v. Lovelady* relied on the general rule articulated in *Posner v. Essex Ins. Co., LTD.,* 178 F.3d 1209 (11th Cir. 1999), which found that an intentional tort committed outside of the state of Florida could result in jurisdiction within Florida. *Id.* Indeed, the 11th Circuit court certified a question to the Florida Supreme court inquiring whether posting a defamatory comment on a website about a Florida company invoked jurisdiction in Florida via the long-arm statute. *Internet Solutions Corp. v. Marshall*, 39 So.3d 1201 (Fla. 1210). The Florida supreme court found that

when the defamatory remarks are both accessed and accessible in Florida, Florida courts have jurisdiction pursuant to Florida Statute § 48.193. *Id.*

*Licciardello, Posner* and *Internet Solutions Corp.* are distinguishable from the present case because the deal with intentional acts. In the present case, Experts and Stringham had no knowledge about the copyright and therefore, even assuming arguendo that Plaintiff's allegations about the trademark violation are accurate, Experts and Stringham did not intentionally act. *Licciardello* draws a distinction between intentional and unintentional acts that trigger Florid Statute § 48.193. The 11th Circuit stated,

> We do not, by our decision today, intend to *establish any general rule for personal jurisdiction in the internet context. Our holding, as always, is limited to the facts before us.* We hold only that where the *internet is used as a vehicle for the deliberate, intentional misappropriation* of a specific individual's trademarked name or likeness and that use is aimed at the victim's state of residence, the victim may hale the infringer into that state to obtain redress for the injury. The victim need not travel to the state where the website was created or the infringer resides to obtain relief.
> *Licciardello,* 544 F.3d at fn. 8 (emphasis added).

In the present case Experts and Stringham acquired the Work directly from BHP, and acting in good faith, assumed that BHP owned rights in the Work. Experts and Stringham did not "deliberate[ly], intentional[ly] misappropriate[]" the Work, and did not become aware of the alleged infringement until after receiving the Work from BHP. To assess where a violation occurred, courts in similar circumstances have assessed where a "trademark" infringement was

"passed off". In short, "the wrong takes place... where the passing off occurs, i.e., where the deceived customer buys the defendant's product in the belief that he is buying the plaintiff's." *Vanity Fair Mills, Inc. v. T. Eaton Co.*, 109 U.S.P.Q. 438, 234 F.2d 633,639 (2nd Cir. 1956) (denying jurisdiction to an American court for a trademark violation where the "passing off" occurred in Canada).

In the present case, the alleged copyright "infringement" occurred on an internet site based in Utah. The maintenance of the website is in Utah and the un-intentional infringement was basically passive. Courts have universally stated [t]he exercise of personal jurisdiction based on the maintenance of a passive website is impermissible. *Jennings v. AC Hydraulic* A/S, 383 F.3d 546, 549 (7th Cir. 2004); *See also Brayton v. Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124 (9th Cir. 2010) ("It is beyond dispute in this circuit that maintenance of a passive website alone cannot satisfy the express aiming prong."); *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 460 (9th Cir. 2007) ("We consistently have held that a mere web presence is insufficient to establish personal jurisdiction."); *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th cir. 2006) ([w]e reject ... any contention that a passive website constitutes express[] aiming.").

Under the passing off test, Plaintiff has not shown a single instance that the copyright infringement happened in Florida, but only suggested that someone may have been re-directed to one of Defendant's sites. Moreover, the actual infringement occurred in Utah where Experts operates its computer website. Because the operation of the website does not intentionally target Florida, Plaintiff, or Florida residents, the website is "passive" as described in the line of cases above and the purposes of Florida's "long arm statute" are not met here.

*b. Due Process Does not Permit Florida Courts to Have Jurisdiction Over this Case.*

Assuming arguendo that this case satisfies the requirements of the Florida "long arm" statute, this court must apply the second prong of the jurisdictional test. This court must assess whether application of Florida Statute § 48.193 for specific or general personal jurisdiction offends due process. The Eleventh Circuit has established a three-part test to determine if the minimum contacts requirement is met:

> First, the contacts must be related to the plaintiff's cause of action .... Second, the contacts must involve some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum. Third, the defendant's contacts with the forum must be such that the defendant should reasonably anticipate being haled into court there. *JB Oxford Holdings, Inc. v. Net Trade, Inc*. 76 F. Supp.2d 1363, 1366 (S.D.Fla. 1999) *citing Posner,* 178 F.3d at 1220.

The "touchstone" of the "sufficient contacts" test is whether Experts or Stringham "'purposefully directed'" its activities at residents of the forum. In *JB Oxford,* the court rejected the rationale that having an internet and a national toll free phone number were sufficient to establish sufficient contacts. *Id.* at 1367. Rather, the court found that more is required than "mere maintenance of a web site accessible in the forum state; they require contacts that illustrate purposeful availment of the privilege of conducting commercial activity in the forum– contacts that tie the defendant to a particular state, not those that merely link with equal strength the defendant to all states." *Id.* The court noted that otherwise, every complaint arising out of an "infringement on the Internet would automatically result in personal jurisdiction wherever the plaintiff's principal place of business is located." *Id.*

Even in jurisdictions where courts have attempted to establish personal jurisdiction when a party's contact with the state are through a website, the courts have distinguished between active internet solicitation versus passive internet which merely make "information available."

*Nida Corp. v. Nida*, 118 F.Supp.2d 1223 (M.D. Fla. 2000) *citing Zippo Manufacturing Co. v. Zippo Dot Com, Inc.* 952 F.Supp. 1119, 1124 (W.D.Pa.1997). In this context, Florida courts have looked to the following language:

> We agree that simply registering someone else's trademark as a domain name and posting a web site on the Internet is not sufficient to subject a party domiciled in one state to jurisdiction in another. *Cybersell,* 130 F.3d at 418. As we said in *Cybersell,* there must be "something more" to demonstrate that the defendant directed his activity toward the forum state. *Nida v. Nida,* 118 F.Supp.2d 1223, *quoting Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316 (9th Cir. 1998)

Here there is nothing more. Experts was running a website, that is all. In *Cybersell Inc. v. Cybersell, Inc.,* a company in Florida set up a website using the Cybersell logo. *Cybersell Inc. v. Cybersell, Inc.*, 130 F.3d 414 (9th Cir. 1997). Unbeknownst to the Florida Company, a company in Arizona had previously filed for a trademark with the USPTO and arranged for a website with an identical mark. *Id.* The court applied the due process test to see if the Florida defendants had done anything to avail themselves of jurisdiction in Arizona. The court found that the passive website did not "purposefully direct[]" business towards Arizona and "without more," did not grant jurisdiction to Arizona courts.

Here the case is similar: a Utah company has allegedly infringed on a copyright held by a Florida company, but did so completely unintentionally and without knowledge of Plaintiff or Plaintiff's copyright. The maintenance of the website, as in *Cybersell*, does not target or direct goods or services to Florida in any meaningful way. If an Arizona plaintiff cannot gain personal jurisdiction over a Florida defendant, a Florida Plaintiff should not be able to gain personal jurisdiction over a Utah defendant under the same facts.

Plaintiffs could potentially argue that because Experts has customers that are located in Florida, Experts has made sufficient minimum contacts with Florida to avail itself of personal

...

jurisdiction in Florida. However, this point misses the mark. Experts did not affirmatively procure business in Florida any more than it has done in any other states by posting its Utah based website online. "Advertisements," the occasional solicitation of "business," or the "mere existence" of an accessible website, are not individually or collectively sufficient to avail a party of jurisdiction in another state. *Id.* As the United States Supreme Court noted, "purchase" and "related trips" are not a "sufficient basis" to give a state's courts jurisdiction. *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414 (1984).

Finally, Plaintiff could argue that because Plaintiff has committed a tort it has intentionally interfered with the rights of a Florida company, and should expect to be haled into court. *See e.g. Calder v. Jones,* 465 U.S. 783 (1984). This rule, articulated in *Calder,* is limited to intentional acts. Since Experts and Stringham's acts were unintentional, it does not apply. This court should find that it does not have personal jurisdiction over Experts and Stringham.

## II. THIS COURT SHOULD TRANSFER VENUE TO UTAH UNDER 28 U.S.C. §1404

Even if this court finds that it has personal jurisdiction over Experts and Stringham, it should still transfer venue under 28 U.S.C. §1404 which states, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. §1404. District courts have greater discretion to transfer venue under § 1404(a) than to dismiss on the grounds of forum non conveniens. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253 (1981). The plaintiff's choice of forum receives less deference if the plaintiff does not reside in the district. *Employers Mutual Casualty Company v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1168 (10th Circ. 2010). The most important factor in deciding a motion under § 1404(a) is the convenience of witnesses. *Id.,* at 1169.

The eleventh circuit has recently addressed the doctrine of forum non conveniens and declared that courts have discretion to apply the doctrine as codified in § 1404(a) if "(1) an adequate alternative forum is available, (2) the public and private factors weigh in favor of dismissal, and (3) the plaintiff can reinstate his suit in the alternative forum without undue inconvenience or prejudice." *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321 (11th Cir. 2011).  In this case a Florida District court dismissed a case sua sponte because it found that, under the statute, Brazil was a more convenient forum for the parties to litigate a tragic aircraft accident that occurred in Brazil.  Under the three factors, the court found that 1) Brazil was an adequate forum, 2) the witnesses and evidence were available in Brazil thus litigation in Brazil would serve public and private factors, and 3) the parties were well situated to bring suit in Brazil.

The present case does not present the same drastic resolution for Plaintiff– it is far easier to move a case from Florida to Utah than from Florida to Brazil.  Two of the three Defendants live in Utah and BHP is closer to Utah than it is to Florida.  The witnesses and evidence all exist in Utah.  If this court chooses not to dismiss this case in Florida, it should transfer it to the federal district court of Utah in and for Utah.

## CONCLUSION

This court should dismiss this case under Florida's "long arm" statute.  The statute in this case is not satisfied.  Even if it were satisfied, this court should still dismiss this case for lack of personal jurisdiction because this case offends due process under the Constitution:  Experts and Stringham did not make sufficient contacts with Florida.  Finally, even if this court finds that it has personal jurisdiction, it should transfer venue to Utah because Experts and Stringham reside there, and BHP, a resident of California, is very close to Utah.

Dated this 18th day of November, 2011.

/s/ David P. Hathaway
DAVID P. HATHAWAY
Florida Bar No. 491411
Dean, Mead, Egerton, Bloodworth,
   Capouano & Bozarth, P.A.
Post Office Box 2346
Orlando, Florida 32802-2346
Telephone: (407) 841-1200
Fax: (407) 423-1831
E-mail: dhathaway@deanmead.com

Attorneys for Defendant, David Stringham
and Referral Experts

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 18, 2011, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to all CM/ECF participants.

/s/ David P. Hathaway
DAVID P. HATHAWAY
Florida Bar No. 491411

O0644562v2