# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

TRIAXIAL MEDICAL INC.,

        **Plaintiff,**

-vs-                                 **Case No.  6:11-cv-1278-Orl-22GJK**

DAVID STRINGHAM, REFERRAL
EXPERTS, LLC and BEVERLY HILLS
PHYSICIANS ASSOCIATES, INC.,

        **Defendants.**
_____

## ORDER

    This cause comes before the Court for consideration of Defendants David Stringham and Referral Experts, LLC's Amended Motion to Transfer Venue and Motion to Dismiss for Lack of Personal Jurisdiction, filed on November 30, 2011.  (Doc. No. 17.)  Plaintiff TriAxial Medical, Inc. responded in opposition.  (Doc. No. 19.)

## I. BACKGROUND

    Plaintiff filed a one-count complaint for copyright infringement against Defendants David Stringham, Referral Experts, LLC and Beverly Hills Physicians.  (Doc. No. 1.)  For the purposes of this motion, the court accepts the allegations in Plaintiff's complaint as true.  Plaintiff, a Florida corporation with a principal place of business in Melbourne, Florida, alleges that Defendants intentionally infringed Plaintiff's copyright in the work embodied in U.S. Registration No. TX-6-899-442, entitled "LabiaplastySurgeon.com" (the "Work").  (*Id.* at ¶¶ 7, 11; Doc. No. 1-1.)  Geoffrey Cook, owner of Plaintiff TriAxial Medical, Inc. and technical medical writer, wrote the Work and

published it on Plaintiff's website, "www.labiaplastysurgeon.com." (*Id.* at ¶¶ 13, 14.)  For a monthly

fee of $1,000.00, Plaintiff licenses the use of the Work to cosmetic surgeons across the country and

lists those cosmetic surgeons on its website.  (*Id.* at ¶¶ 16, 45, 46.)   Plaintiff's website is "globally

considered to be the number one portal dealing with feminine cosmetic genital surgery." (*Id.* at ¶ 13.)

Defendants David Stringham and Referral Experts, LLC ("Defendants") also license legal

content for websites owned and operated by cosmetic surgeons.[1]  (*Id.* at ¶ 21.)  On their website,

"www.lookingyourbest.com," Defendants reproduced a substantially identical copy of the Work and

licensed it to approximately seventy cosmetic surgeons, including Defendant Beverly Hills

Physicians.  (*Id.* at ¶¶ 9, 31, 32, 46.)  Defendants also attributed authorship of the Work to themselves.

(*Id.* at ¶ 35.)  Defendants, who reside in Utah, move to dismiss the complaint for lack of personal

jurisdiction, and in the alternative, move to transfer venue to Utah.  (Doc. No. 17.)

## II. PERSONAL JURISDICTION

To exercise personal jurisdiction over a non-resident defendant, plaintiff bears the initial

burden of pleading enough facts to make out a prima facie case for personal jurisdiction.  *See Posner*

*v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1214 (11th Cir. 1999).  If defendant disputes the allegations

in the complaint with supporting affidavits, then the burden shifts back to plaintiff to substantiate its

jurisdictional allegations with affidavits or other competent proof.  *Id.*  Where the complaint and

plaintiff's supporting evidence conflict with the defendant's evidence, the court construes all

---

[1]Defendant Beverly Hills Physicians did not join this motion to dismiss.  Therefore, in this Order the court's reference to "Defendants" includes only Defendants David Stringham and Referral Experts, LLC.

reasonable inferences in favor of the plaintiff. *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257 (11th Cir. 2010) (quotation omitted).

A two-part inquiry governs the court's determination of whether a non-resident defendant is subject to personal jurisdiction in Florida. First, the court must determine whether the exercise of jurisdiction is appropriate under the forum state's long-arm statute. *Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A.*, 421 F.3d 1162, 1166 (11th Cir. 2005). Second, the court examines whether the exercise of personal jurisdiction over the non-resident defendant would comport with the Due Process Clause of Fourteenth Amendment. *Id.*

### A. The Florida Long-Arm Statute

Though not alleged in its complaint, in its response to Defendants' motion Plaintiff identifies Florida Statute § 48.193(1)(b) as the basis for jurisdiction over Defendants. That provision subjects those who commit "a tortious act within this state" to jurisdiction in Florida. *See* Fla. Stat. § 48.193(1)(b). Although there is a split of authority among Florida courts concerning the issue, the Eleventh Circuit has interpreted § 48.193(1)(b) broadly and held that it applies when a tortious act outside the state causes injury in Florida. *See Posner*, 178 F.3d at 1216-17. Because the Florida Supreme Court has not issued a decision rejecting this broad construction of § 49.193(1)(b), the court must follow the Eleventh Circuit's "firmly established precedent" in this regard. *Id.* at 1217.

Additionally, a defendant does not have to be physically present in Florida to commit a tortious act in the state. *Wendt v. Horowitz*, 822 So. 2d 1252, 1260 (Fla. 2002). Rather, a non-resident defendant can commit a tortious act within Florida by sending telephonic, electronic, or written communications from outside of the state into Florida, if the cause of action arises from the communications. *Id.* Recognizing the unique difficulties of applying this standard to postings on a

website, the Florida Supreme Court recently explained in the context of a defamation action that a defamatory website posting does not constitute a tortious act within Florida unless it is both accessible in Florida and accessed in Florida. *Internet Solutions Corp. v. Marshall*, 39 So. 3d 1201, 1215 (Fla. 2010).[2]

Plaintiff alleges that Defendants' intentional infringement of the Work caused Plaintiff to suffer losses in excess of $70,000.00 a month.[3]  (Doc. No. 1 ¶ 47.)  Plaintiff also alleges that it is a Florida corporation with a principal place of business in Florida.  (*Id.* at ¶ 7.)  Though Defendants submit an affidavit detailing their lack of contacts with Florida, Defendants do not rebut Plaintiff's allegations that they caused Plaintiff financial harm in Florida. (*See* Doc. No. 17-1.)

Instead, Defendants contend that § 48.193(b) does not apply because they did not act intentionally when acquiring the Work from Beverly Hills Physicians.  (Doc. No. 17 p. 6.)  However, § 48.193(b) encompasses both negligent and intentional foreign tortious acts which cause injury in the forum.  *See Robinson v. Giarmarco & Bill, P.C.,* 74 F.3d 253, 257 (11th Cir. 1996) (holding that § 48.193(b) extends jurisdiction over a defendant alleged to have caused injury in Florida by negligently drafting a will out of state); *Exhibit Icons, LLC v. XP Companies, LLC*, 609 F. Supp. 2d 1282, 1298 n.8 (S.D. Fla. 2009) (noting that the Florida long-arm statute does not distinguish between intentional and negligent torts).  Even assuming Defendants could prevail on a theory that they acted in good faith when reproducing the Work on their website, Plaintiff substantiates its allegations that Defendants

---

[2]In *Marshall*, the Florida Supreme Court expressly recognized the Eleventh Circuit's broad construction of § 48.193(b) but declined to address it.  38 So. 3d at 1206 n.6.

[3]Plaintiff alleges that the seventy cosmetic surgeons who subscribe to Defendants' service would have to pay Plaintiff approximately $1,000.00 per month for a license to use the Work.  (Doc. No. 1 ¶¶ 45, 46.)

infringed its copyright intentionally.[4]  *See Posner* 178 F.3d at1213.  Finally, Defendants argue that the

alleged copyright infringement occurred only in Utah, where they maintained a "passive" website.

(Doc. No. 17 p. 6; Doc. No. 17-1 ¶ 9.)  In light of Plaintiff's allegations that Defendants caused harm

to their business interests in Florida, this argument is not persuasive.  *See Posner*, 178 F.3d at 1216-17.

In sum, the complaint contains sufficient allegations to satisfy Florida's long-arm statute.

## B. Due Process

Because the long-arm statute creates jurisdiction over Defendants, the court then determines

whether exercising jurisdiction over Defendants comports with due process.  Initially, the court must

examine whether Defendants have established sufficient minimum contacts with Florida.  *Sculptchair,*

*Inc. v. Century Arts, Ltd.,* 94 F.3d 623, 630 (11th Cir. 1996).

> Minimum contacts involve three criteria:  First, the contacts must be related to the
> plaintiff's cause of action or have given rise to it. Second, the contacts must involve
> some purposeful availment of the privilege of conducting activities within the forum,
> thereby invoking the benefits and protections of its laws.  Finally, the defendant's
> contacts within the forum state must be such that she should reasonably anticipate
> being haled into court there.

*Id.* at 631.  If minimum contacts are established, the court must then decide whether the exercise of

jurisdiction would offend traditional notions of fair play and substantial justice.  *Id.* at 630-31.

---

[4]Defendant David Stringham avers that no employee of Experts, including himself, had
independent knowledge of the Work until encountering it on the website of Beverly Hills Physicians.
(Doc. No. 17-1 ¶¶ 8, 9.)  In response, Plaintiff adduces an affidavit establishing that Beverly Hills
Physicians did not publish the Work on their website during the initial months when Defendants
reproduced the Work as their own. (Doc. No. 19-1 ¶ 21.) Geoffrey Cook also avers that Defendants
replaced Plaintiff's identification of their Work with their own.  (*Id.* at ¶ 20.)  Construing all
reasonable inferences in favor of Plaintiff, the evidence indicates that Defendants acted intentionally.

A single act can support jurisdiction if it creates a "substantial connection" with the forum. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). In this sense, an alleged intentional tort may support the exercise of personal jurisdiction over a non-resident defendant who has no other contacts with the forum. *Calder v. Jones*, 465 U.S. 783, 790 (1984). Known as the "effects" test, the court properly exercises personal jurisdiction over a non-resident defendant who commits an intentional and allegedly tortious act expressly aimed at the plaintiff in the forum state. *Licciardello v. Lovelady*, 544 F.3d 1280, 1288 (11th Cir. 2008). "Stated in its broadest construction, the effects test requires a showing that the defendant (1) committed an intentional tort (2) that was directly aimed at the forum, (3) causing an injury within the forum that the defendant should have reasonably anticipated." *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1220 n.28 (11th Cir. 2009).

In *Licciardello*, the Eleventh Circuit applied the *Calder* "effects" test in considering whether the court could exercise jurisdiction over a non-resident defendant who posted the plaintiff's trademarked name and picture on his website in a manner intended to imply plaintiff's endorsement of defendant and his products. 544 F.3d at 1287-88. The court reasoned that "[t]he unauthorized use of [plaintiff's] mark . . . individually targeted [plaintiff] in order to misappropriate his name and reputation for commercial gain." *Id.* at 1288. Thus, to satisfy the "effects" test the defendant must "expressly aim" his wrongful conduct and individually target a known resident of the forum, which requires "something more" than the mere "foreseeability" that an act may have effects in the forum. *Id.* at 1287 (citing *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1088 (9th Cir. 2000)).

In its response to Defendants' motion, Plaintiff proceeds solely on a theory that Defendants' intentional copyright infringement subjects them to jurisdiction pursuant to *Calder*. (Doc. No. 19 pp.

5-9.)  Defendants attempt to distinguish *Calder* by arguing that they acted in good faith, but as discussed above, Plaintiff adequately establishes for purposes of this motion that Defendants intentionally infringed Plaintiff's copyright.  (Doc. No. 17 pp. 9-10.)

Nevertheless, Plaintiff fails to allege that Defendants expressly aimed their intentional copyright infringement at Florida or that Defendants could reasonably anticipate that their conduct would cause injury in Florida.  *See Oldfield*, 558 F.3d at 1220 n.28.  In fact, Plaintiff's complaint is devoid of even conclusory allegations to this effect.  *See Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000) ("Plaintiff's burden in alleging personal jurisdiction is to plead sufficient material facts to establish the basis for [the] exercise of such jurisdiction.").  At most, the complaint alleges that Defendants' unauthorized publication of the Work on their website caused injury to Plaintiff at its principal place of business in Florida, in the form of lost subscription fees, a diversion of interest in Plaintiff's website, and a decrease in the value of Plaintiff's competitive advantage in the Work.  (Doc. No. 1 ¶ 42.)  Though Plaintiff alleges that Defendants competed with Plaintiff in a national market, Plaintiff does not allege that Defendants knew Plaintiff maintained its principal place of business in Florida or that Defendants deliberately targeted Plaintiff's business in Florida.  Accepting Plaintiff's allegations as true, Defendants could not reasonably anticipate being haled into court in Florida.  *Licciardello*, 544 F.3d at 1288.

In reaching this conclusion, the court does not consider Geoffrey Cook's affidavit, which Plaintiff submitted in response to Defendants' motion in an apparent attempt to remedy its pleading deficiencies.[5]  The burden-shifting framework requires Plaintiff to substantiate its jurisdictional

---

[5]For example, Geoffrey Cook avers that Defendants solicited website subscriptions from physicians in Florida and attended medical conferences in the state.  (Doc. No. 19-1 ¶¶ 11, 12.)

allegations with competent evidence, not establish personal jurisdiction in the first instance by submitting an affidavit in response to defendant's motion to dismiss. *See Future Tech.*, 218 F.3d at 1249. Therefore, the court need not reach the second step of the due process analysis and determine whether the exercise of jurisdiction would offend "traditional notions" of fair play and substantial justice. *Sculptchair,* 94 F.3d at 630-31. Because Plaintiff fails to satisfy its burden on the face of the pleadings, the court will allow Plaintiff one opportunity to amend the complaint to properly allege jurisdiction. *See, e.g., Consoli v. Architectural Concepts, Inc.*, 578 So. 2d 905 (Fla. 2d DCA 1991) (remanding to allow plaintiff the opportunity to amend the complaint to allege long-arm jurisdiction)

### III. VENUE

In the alternative, Defendants move the court to transfer venue to Utah pursuant to 28 U.S.C. § 1404(a). (Doc. No. 17 pp. 10-11.) When an action is filed in a proper venue, but one that is inconvenient, a court may effect a transfer pursuant to 28 U.S.C. § 1404(a), the statutory codification of the common law doctrine of *forum non conveniens*. *See Eye Care Int'l v. Underhill*, 119 F. Supp. 2d 1313, 1317 (M.D. Fla. 2000). Section 1404(a) provides that, "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought . . . ." Pursuant to § 1404(a), the defendant bears the burden of persuading the trial court that transfer is appropriate and should be granted. *Satz v. McDonnell Douglas Corp.*, 244 F. 3d 1279, 1282 (11th Cir. 2001). This burden involves satisfying both elements of a two-pronged inquiry: (1) that the alternative venue is one in which the action could originally have been brought by the plaintiff and (2) that various private and public factors weigh in favor of dismissal. *See id.*

To support their proposed change of venue, Defendants state the following: (1) that David Stringham and Referral Experts reside in Utah; (2) that Beverly Hills Physicians' alleged residence in California is closer to Utah than to Florida; and (3) that "[t]he witnesses and evidence all are in Utah." (Doc. No. 17 p. 11.)  First, Defendants do not demonstrate that Beverly Hills Physicians is amenable to process in Utah.  *See Satz*, 244 F.3d at 1282 (explaining that defendant satisfies the "alternative forum prong" of the court's inquiry by demonstrating amenability to process in the other jurisdiction).  Second, Defendants' conclusory argument regarding the location of witnesses and evidence does not establish that the private factors weigh in favor of dismissal, especially in light of Plaintiff's response that they created, marketed and sold the Work in Florida.  *See Eye Care*, 119 F. Supp. 2d at 1317-1318 ("In the absence of a clear difference in convenience, the plaintiff's choice of forum is determinative.").  Finally, Defendants do not address any public interest factors.  Therefore, the court cannot determine that those factors weigh in favor of dismissal. Based on the facts as presented by Defendants in this motion, the court cannot conclude that transfer to Utah is appropriate.

## IV. CONCLUSION

Based on the foregoing, it is **ORDERED** as follows:

1.  Defendants David Stringham and Referral Experts, LLC's Amended Motion to Transfer Venue and Motion to Dismiss for Lack of Personal Jurisdiction (Doc. No. 17), filed on November 30, 2011, is **GRANTED** in part and **DENIED** in part.  The motion to dismiss for lack of personal jurisdiction is **GRANTED**.  The motion to transfer venue is **DENIED**.

2. The Complaint is **DISMISSED** with leave to amend.  Plaintiff TriAxial Medical, Inc. may file an amended complaint on or before March 6, 2012.

3. The parties shall conduct a Case Management Meeting in person and file a Case Management Report on or before March 7, 2012.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on February 22, 2012.

ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Party

-10-