UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TRIAXIAL MEDICAL, INC.
a Florida corporation,

    Plaintiff,

v.                                CASE NO. 6:11-CV-1278-ORL-22-GJK

DAVID STRINGHAM, an individual,
REFERRAL EXPERTS, LLC, a Utah
Limited Liability Company d/b/a
LOOKINGYOURBEST.COM, and
BEVERLY HILLS PHYSICIANS
ASSOCIATES, INC., a California corporation,

    Defendants.
_____/

**DEFENDANTS DAVID STRINGHAM AND REFERRAL EXPERTS, LLC'S
MOTION FOR LEAVE TO FILE A REPLY TO PLAINTIFF'S RESPONSE
TO DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT**

Defendants David Stringham and Referral Experts, LLC, pursuant to Local Rule 3.01(d), hereby move for leave of court to file a reply memorandum to respond to various issues raised in Plaintiff's Response to Defendants' Motion to Dismiss [Amended Co]mplaint for Lack of Personal Jurisdiction, and state as follows.

1.    On March 23, 2012, Defendants David Stringham and Referral Experts, LLC (hereinafter "Defendants") filed a Motion to Dismiss Amended Complaint for Lack of Personal Jurisdiction. (Doc. 30).

2.    On April 6, 2012, Plaintiff filed a Response to Defendants' Motion to Dismiss [Amended Co]mplaint for Lack of Personal Jurisdiction (the "Response"). (Doc. 33). The

Response was accompanied by a Declaration of Geoffrey A. Cook (the "Declaration"), which referenced exhibits that were not attached and appeared to merely repeat the allegations of the Amended Complaint.  (Doc. 33-1).

3. The Response raises issues that Plaintiff attempts to support through a Declaration, and Defendants request the opportunity to file a Reply that will be 8 pages in length.

## MEMORANDUM OF LAW

Local Rule 3.01(d) allows Defendants, with leave of court, to file a reply, provided that this motion does not exceed three pages and specifies the length of the proposed filing, without attaching it.  For at least three reasons, the court should allow Defendants to file a reply memorandum.

First, the majority of the "facts" included in Geoffrey Cook's Declaration are not made on personal knowledge and are not true.  For the sake of clarity and judicial efficiency, this court should allow Defendants to address the misstatements set forth in Plaintiff's Response.  Despite evidence provided by Defendants, Plaintiff has submitted to the court unsupported, conclusory allegations in the Response and Geoffrey Cook's Declaration about how Defendants allegedly came into contact with the copyrighted "Work," what contacts Defendants allegedly had with Florida clients and with the AACS, what knowledge Defendants allegedly had about Plaintiff in 2008, and how Defendants have allegedly profited as a result.

Second, the "facts" in the Declaration are not supported by the unattached exhibits. Geoffrey Cook cites to exhibits but apparently those citations refer back to the Amended Complaint or to his prior Declaration.  Either way, the exhibits do not support his allegations and are clearly contradicted by Defendants' exhibits and even by the Declaration itself.

Third, the "facts" merely reiterate allegations in the Amended Complaint and are mere argument, which cannot be used to establish personal jurisdiction.  Once a defendant rebuts the allegations in a complaint, the court cannot exercise jurisdiction over the defendant unless the plaintiff meets its burden to substantiate its jurisdictional allegations with affidavits and other competent proof.  *See Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1214 (11th Cir. 1999).  The facts in Geoffrey Cook's Declaration do not provide competent proof, but merely reiterate the same conclusory, unsupported allegations as the Amended Complaint, without any personal knowledge or verifiable proof.  Accordingly, Defendants believe a Reply memorandum would assist the Court in analyzing these issues.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request leave of court to file a Reply memorandum responding to the issues raised in Plaintiff's Response to Defendants' Motion to Dismiss [Amended Co]mplaint for Lack of Personal Jurisdiction.

Dated this 16th day of April, 2012.

/s/ David P. Hathaway
DAVID P. HATHAWAY
Florida Bar No. 491411
Dean, Mead, Egerton, Bloodworth,
Capouano & Bozarth, P.A.
Post Office Box 2346
Orlando, Florida 32802-2346
Telephone: (407) 841-1200
Fax: (407) 423-1831
E-mail: dhathaway@deanmead.com
Attorneys for Defendants David
Stringham and Referral Experts, LLC

## CERTIFICATE OF GOOD FAITH CONFERENCE

I HEREBY CERTIFY that on April 16, 2012, pursuant to Local Rule 3.01(g), the undersigned had a telephone conversation with opposing counsel and the parties were unable to agree to the relief requested in this motion.

/s/ David P. Hathaway
DAVID P. HATHAWAY
Florida Bar No. 491411

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 16, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to all CM/ECF participants.

/s/ David P. Hathaway
DAVID P. HATHAWAY
Florida Bar No. 491411

O0696460v1