UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TRIAXIAL MEDICAL, INC.
a Florida corporation,

       Plaintiff,

v.                          CASE NO. 6:11-CV-1278-ORL-22-GJK

DAVID STRINGHAM, an individual,
REFERRAL EXPERTS, LLC, a Utah
Limited Liability Company d/b/a
LOOKINGYOURBEST.COM, and
BEVERLY HILLS PHYSICIANS
ASSOCIATES, INC., a California corporation,

       Defendants.

_____/

**DEFENDANTS DAVID STRINGHAM AND REFERRAL EXPERTS, LLC'S
MOTION TO STRIKE DECLARATION OF GEOFFREY COOK**

Defendants David Stringham and Referral Experts, LLC, pursuant to Fed. R. Civ. P. 12(f) and Fed. R. Evid. 602, hereby move to strike the Declaration of Geoffrey Cook dated April 6, 2012 ("the Declaration"), and state as follows.

1.      On March 23, 2012, Defendants David Stringham and Referral Experts, LLC (hereinafter "Defendants") filed a Motion to Dismiss Amended Complaint for Lack of Personal Jurisdiction. (Doc. 30).

2.      On April 6, 2012, Plaintiff filed a Response to Defendants' Motion to Dismiss [Amended Co]mplaint for Lack of Personal Jurisdiction. (Doc. 33).  The Response was accompanied by a Declaration of Geoffrey A. Cook (the "Declaration"), which referenced

exhibits that were not attached and appeared to merely repeat the allegations of the Amended Complaint.  (Doc. 33-1).

3.      The Declaration is redundant, immaterial and impertinent.  Specifically, the Declaration is not made on personal knowledge, is not supported by the unattached exhibits, and merely repeats the allegations in the Amended Complaint.  Accordingly, it should be stricken.

## MEMORANDUM OF LAW

Under the Federal Rules of Evidence, a witness "may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."  Fed. R. Evid. 602.  Geoffrey Cook offered opinions beyond his personal knowledge. This court should exclude his testimony and should strike his Declaration as it lacks foundation, is speculative, and is redundant of the Amended Complaint.  Under Fed. R. Civ. P. 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Below are a number of examples.

Paragraph 4 states that Defendants' "clients are either patients, or surgeons who pay inclusion fees to be listed on Defendants' website ... [and] Defendants provide SEO (Search Engine Optimization) and SEM (Search Engine Marketing) and web design ...."  This statement is not made on the personal knowledge of Geoffrey Cook and should be excluded under Fed. R. Evid. 602.  *See* Decl., ¶ 4.  Geoffrey Cook has not worked for Defendants and does not have personal knowledge of their business operations.

Paragraph 5 states that Defendants' clients "reside in the State of Florida [and] actively use Defendants' website to reach the consuming public …."  *Id.* at ¶ 5.  This statement is not made on the personal knowledge of Geoffrey Cook and should be excluded under Fed. R. Evid.

602.  He does not know how Defendants' clients use Defendants' website.  Moreover,

Defendants' clients do not "actively" use LookingYourBest.com.

Paragraph 8 states the following, in relevant part:

> Defendants have deliberately copied Plaintiff's WORK by posting the WORK on their website, as their own exhibits show, then additionally republished the WORK globally, with their ownership credits and contact information--after deliberately removing the plaintiff's ownership credits--and as such, have and continued to receive fees from the listed Florida surgeons who have benefited from the unauthorized republication and redistribution of the plaintiff's WORK.

*Id.* at ¶ 8.  This statement is not made on the personal knowledge of Geoffrey Cook and should

be excluded under Fed. R. Evid. 602.  Geoffrey Cook does not know how Defendants

encountered the work or how Defendants receive payments.  Moreover, it is false.  The exhibits

do not show that Defendants posted the work on their own website—*or any website that they*

*owned or managed.*  Rather, the evidence shows that Defendants performed services for BHP in

August of 2008.  The work appeared on Yahoo.com and on the BHP website in January and

March of 2008, respectively.  It was not copyrighted until December 6, 2008.

Paragraph 9 states, in relevant part, that "Dr. Gershenbaum has gone on record, via

written communications to certify the degree of <u>active</u> level of business contact the defendant has

had with his Florida Company."  *Id.* at ¶ 9.  This statement should be excluded under Fed. R.

Evid. 602.  It is hearsay, and furthermore, it is false.  Dr. Gershenbaum never went on record, has

not been deposed, and has not testified.  The unattached hearsay letter in Plaintiff's Exhibit B

does not discuss any "degree of active level of business contact the [Defendants] had" with Dr.

Gershenbaum.  Rather, it states that Dr. Gershanbaum agreed not to talk to the Defendants.

Paragraph 10 states that "[p]rospective patients use the defendants' website to research qualified surgeons who perform labiaplasty, and the surgeons on the website pay the defendants to be listed as a qualified surgeon who performs the surgical service." *Id.* at ¶ 10.  This statement is not supported by Plaintiff's unattached Exhibit "A".  Exhibit "A" to the Amended Complaint merely shows that Defendants have clients in Florida, as well as in most other states.  It does not show that Defendants' clients use LookingYourBest.com to find labiaplasty surgeons, and Geoffrey Cook does not have personal knowledge of this.  It should be excluded under Fed. R. Evid. 602.

Paragraph 11 states that Defendants "actively solicited" Dr. Stern and other Florida physicians, and that they maintained Dr. Gershenbaum's site "as they continued to use the plaintiff's WORK, republished globally...." *Id.* at ¶ 11.  These statement are not made on the personal knowledge of Geoffrey Cook and should be excluded under Fed. R. Evid. 602.  Geoffrey Cook does not know how Defendants retain clients, does not know how clients are solicited, and does not know the involvement any of the Defendants had in Dr. Gershenbaum's site.  Moreover these statements are false and not supported by Plaintiff's exhibits to the Amended Complaint.  Defendants did not actively solicit any Florida surgeons; Florida surgeons either were referred to or independently contacted Defendants.  Defendants did not use Plaintiff's "work" in any capacity outside of Defendants' services rendered for BHP.

Paragraph 12 states that Defendants "have attended the American Academy of Cosmetic Surgery (AACS) medical meetings for the purpose of direct contact with both existing and prospective physicians for their LYB website and general SEO and SEM/web design services." Paragraph 13 goes on to state, in relevant part, "Orlando is the location for many of these trade

shows that are attended by Defendants.  Defendants are listed on EXHIBIT C as

'LookingYourBest.' … the defendants exhibit at AACS trade shows <u>with their own booth,</u>

separate of their third-party Allergan claim—and are NOT a 'guest,' as claimed—evidence

obtained and kindly provided by the Orlando, Florida, AACS Show Management clearly shows

this." *Id.* at ¶¶ 12-13.  Mr. Cook has no personal knowledge of this.  He attempts to support his

testimony by referring to Exhibit "C."  As discussed in the affidavit of David Stringham, Exhibit

"C" to the Amended Complaint is misleading because it shows only a portion of the page.  The

full page makes it clear that the AACS meeting where Defendants purchased booth space took

place in Las Vegas, Nevada.  Clearly, this statement is not made on the personal knowledge of

Geoffrey Cook, is in direct contravention of David Stringham's Exhibit "C", is in direct

contravention of http://cosmeticsurgery.org/AACS2012/exhibitors.cfm (last visited April 10th,

2012) and should be excluded.[1]

       Paragraph 14 states, "[w]hile soliciting these surgeons while physically in Florida at these

trade shows, Defendants have used Plaintiff's WORK for over four (4) years" … have

"republished and redistributed" the work, and "continue to do so even today."  *Id.* at ¶ 14.  These

statements are not made on the personal knowledge of Geoffrey Cook and should be excluded

under Fed. R. Evid. 602.  The AACS meeting is in Nevada, Defendants never placed the "work"

on their websites, Defendants do not solicit clients in Florida and had no contact with the work

for any amount of time (let alone for four years) outside of their contact with BHP in 2008.

Rather than rebutting any of the points made in Mr. Stringham's affidavit, Plaintiff merely

repeats the allegations of the Amended Complaint.

---

[1] This Court is well aware of the rules regarding representations to the Court in Fed. R. Civ. P. 11(b).

Paragraph 15 states that Defendants "willfully republished and redistributed" the work. These statements are not made on the personal knowledge of Geoffrey Cook and should be excluded under Fed. R. Evid. 602.  Rather, these statements misconstrue the facts as presented in David Stringham's Affidavit, which details Defendants' relationship with BHP from personal knowledge.  *Id.* at ¶ 15.

Paragraph 18 states that Defendants "had actual knowledge that Plaintiff is a Florida business" at least "as early as 2008."  *Id.* at ¶ 18.  Geoffrey Cook does not provide any foundation to establish how he allegedly knew that Defendants had "actual knowledge" that Plaintiff was a Florida company in 2008.  These statements are in direct contravention of David Stringham's Affidavit and are not made in good faith.  They wrongfully impute knowledge to Defendants and are not made on the personal knowledge of Geoffrey Cook.  They should be excluded and stricken per Fed. R. Evid. 602.

Paragraphs 18 and 19 claim that Defendants' use of the work "continues to spread and create financial benefit to the Defendants" and "[e]ven today, they still continue to intentionally and willfully use the stolen WORK …."  *Id.* at ¶¶ 18-19.  Plaintiff makes no attempt to lay any foundation for this bold statement.  Mr. Cook fails to cite any websites or other publications in which the work appears today.  Mr. Cook fails to give any details whatsoever about how he claims to know that Defendants have intentionally and willfully used the "stolen work."  These statements are not made on the personal knowledge of Geoffrey Cook and should be excluded under Fed. R. Evid. 602.

Paragraph 21 states that Defendants could not have encountered the work on BHP's website because BHP did not have it on its website in 2008.  *Id.* at ¶ 21.  This statement is not

made on the personal knowledge of Geoffrey Cook and should be excluded under Fed. R. Evid. 602.   Plaintiff's Exhibit "H" to the Amended Complaint, and Defendants' Exhibit "E" to the Stringham Affidavit, both indicate the work was on BHP's website in 2008.

Paragraph 23 states that Defendants have refused to remove the work from the internet "and their refusal is intentional because they continue to gain financially from the admitted referral business—via increased Search Engine ranking and web traffic—that they get from the illegal republication of the Plaintiff's WORK."  *Id.* at ¶ 23.  Geoffrey Cook is not in a position to know how Defendants receive any financial benefit whatsoever.  The statement is merely a conclusion without any evidentiary support.  This paragraph should be excluded under Fed. R. Evid. 602.

Paragraph 24 states that Defendants "simply don't care and now wish to change venue to make Mr. Cook and the Plaintiff suffer …."  *Id.* at ¶ 24.  This statement is irrelevant under Rules 402 and 403 of the Federal Rules of Evidence.  It is not made on personal knowledge, wrongfully imputes knowledge and motive to the Defendants, and should be excluded under Fed. R. Evid. 602.  Defendants do not have any ill will toward the Plaintiff and the Affidavit of David Stringham refutes this assertion from personal knowledge.

Paragraph 25 states that Defendants are gaining "daily" from the work.  The Defendants do not gain anything from the work "daily" and have not encountered it outside of their contact with BHP.  This statement is not made on personal knowledge.  Geoffrey Cook has no knowledge of how Defendants gain any financial benefits of any kind.  It should be excluded under Fed. R. Evid. 602.  Paragraph 25 also states that Defendants obtained "<u>stunningly phenomenal gains</u> in Google Search Engine Ranking placement from their continued intentional

usage" of the work.  *Id.* at ¶ 25 (emphasis in original).  This statement is made without any personal knowledge.  Even if LookingYourBest.com had obtained "stunningly phenomenal gains" on Google there would be no basis for attributing those gains to the work in any way.

Paragraph 29 states that Defendants' clients currently pay Defendants "for use of the stolen WORK."  This statement is not made on the personal knowledge of Geoffrey Cook and should be excluded under Fed. R. Evid. 602.  Geoffrey Cook does not know Defendants' fee structure.  The statement is also false.  Defendants never used the work outside of their contact with BHP's website, and their clients do not pay Defendants for using the work, as it does not appear on any site the Defendants own or manage.

In contesting the rebutted facts of a complaint, a plaintiff may not "merely reiterate the factual allegations in the complaint."  *PolskieLinieOceaniczne v. Seasafe Transport A/S*, 795 F.2d 968, 972 (11th Cir. 1986).  Geoffrey Cook has reiterated the allegations almost verbatim.  His statements do nothing to provide the court with competent evidence that there is any evidentiary support for the allegations in the Amended Complaint.  The Declaration does not provide any sound reasoning that might be offered to rebut the Affidavit of David Stringham, and therefore the Declaration should be stricken.

## CONCLUSION

For the foregoing reasons, the Court should strike the Declaration of Geoffrey Cook and give the statements made therein no consideration for purposes of ruling on Defendants' Motion to Dismiss Amended Complaint for Lack of Personal Jurisdiction.

Dated this 16th day of April, 2012.

/s/ David P. Hathaway
DAVID P. HATHAWAY

Florida Bar No. 491411
Dean, Mead, Egerton, Bloodworth,
Capouano & Bozarth, P.A.
Post Office Box 2346
Orlando, Florida 32802-2346
Telephone: (407) 841-1200
Fax: (407) 423-1831
E-mail: dhathaway@deanmead.com
Attorneys for Defendants David
Stringham and Referral Experts, LLC

## CERTIFICATE OF GOOD FAITH CONFERENCE

I HEREBY CERTIFY that on April 16, 2012, pursuant to Local Rule 3.01(g), the

undersigned had a telephone conversation with opposing counsel and the parties were unable to

agree to the relief requested in this motion.

/s/ David P. Hathaway
DAVID P. HATHAWAY
Florida Bar No. 491411

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 16, 2012, I electronically filed the foregoing with the

Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to all

CM/ECF participants.

/s/ David P. Hathaway
DAVID P. HATHAWAY
Florida Bar No. 491411

O0696058v1