UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TRIAXIAL MEDICAL, INC.
a Florida corporation,

      Plaintiff,

v.                                      CASE NO. 6:11-CV-1278-ORL-22-GJK

DAVID STRINGHAM, an individual,
REFERRAL EXPERTS, LLC, a Utah
Limited Liability Company d/b/a
LOOKINGYOURBEST.COM, and
BEVERLY HILLS PHYSICIANS
ASSOCIATES, INC., a California corporation,

      Defendants.
_____/

**DEFENDANTS DAVID STRINGHAM AND REFERRAL EXPERTS, LLC'S
REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS**

Defendants David Stringham ("Stringham") and Referral Experts, LLC ("Experts") (together "Defendants"), by and through the undersigned counsel, hereby submit this Reply Brief in Support of their Motion to Dismiss the Amended Complaint for Lack of Personal Jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). (Doc. 30).

A.     <u>Plaintiff Cannot Meet its Burden By Relying on a Defective Affidavit</u>.

After a defendant rebuts the jurisdictional allegations in a complaint, the burden shifts to the plaintiff to produce "affidavits or other competent proof" that show jurisdiction is appropriate. A plaintiff may <u>not</u> "merely reiterate the factual allegations in the complaint." *Polskie Linie Oceaniczne v. Seasafe Transport A/S*, 795 F. 2d 968, 972 (11th Cir. 1986). The vast majority of Geoffrey Cook's Declaration is not made on personal knowledge. It ignores

the many valid points made by Defendants, instead merely reiterating the allegations in the Amended Complaint, which is not permitted. *See id*. Defendants have moved to exclude the Declaration because it violates Rule 602 of the Federal Rules of Evidence. Defendants incorporate herein by reference the arguments in their Motion to Strike (Doc. 35).

B.      Plaintiff's New "Facts" Do Not Establish Personal Jurisdiction over Defendants.

None of the new "facts" alleged in Plaintiff's Amended Complaint or recited in Geoffrey Cook's Declaration of April 6, 2012 show that invocation of Florida's long arm statute is appropriate. Plaintiff also fails to satisfy the three-part test articulated in *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F. 3d 623 (11th Cir. 1996). S*ee also JB Oxford Holdings, Inc. v. Net Trade, Inc*. 76 F. Supp. 2d 1363, 1366 (S.D. Fla. 1999) (*citing Posner,* 178 F. 3d 1209, 1220 (11th Cir. 1999)). The reason is that Plaintiff is continuing to rely on rebutted misrepresentations as to Defendants' encounter with the Work, Defendants' contacts with Florida, and Defendants' relationship with Beverly Hills Physicians Associates, Inc. ("BHP").

   1.      *Plaintiff's Misrepresentations About Defendants' Encounter With the Work.*

Paragraphs 8, 14, 17, 19 and 20 of Geoffrey Cook's Declaration claim in relevant part that Defendant "deliberately" copied Plaintiff's work and "post[ed] it on their website, as their own exhibits show"; that they then "misappropriated" the work and directly and "intentionally" re-published it; that Defendants' Florida clients "benefitted" from the work; that Defendants "solicited" these clients in Florida, that they used the work for over "four (4) years"; that they continue to "republish" and "distribute" the work; that they published it "globally"; that this publication continues to "propagate exponentially"; that "[e]ven today,

they still continue to intentionally and willfully use the stolen WORK without authorization"; and that "Defendants financially benefit from the unauthorized use."  Mr. Cook offers no detail to support Plaintiff's allegations nor to disprove anything in Mr. Stringham's Affidavit.

Mr. Stringham indicated that he first encountered the work on BHP's website while conducting search engine optimization.  Defendants did not intentionally republish the work "globally," and did not use the work for "four years."  Indeed, LookingYourBest.com, Experts, and Mr. Stringham never placed the "work" on any website they own or manage.  Plaintiff's failure to provide any competent evidence showing the "work" on Defendants' website is telling.  Mr. Cook merely testifies that the work appeared on the site but offers no evidence.  Given Mr. Cook's lack of knowledge, coupled with Mr. Stringham's compelling and straightforward Affidavit, the clear weight of the evidence shows that the "work" never appeared on any site owned or controlled by Defendants.

Even if any of Mr. Cook's allegations were true, they do not demonstrate that Defendants committed a tort directed at a Florida resident.  First, Plaintiff does not establish that Defendants' activities constitute a tort.  Defendants did not commit a negligent or intentional wrong in performing marketing work for BHP.  Second, Geoffrey Cook's Declaration does not show how the 52 Florida clients listed on LookingYourBest.com are "related to the Plaintiff's cause of action or have given rise to it."  Mr. Cook's Declaration does not show "purposeful availment" of the privilege of conducting business in Florida and does not show that Defendants should have anticipated being "haled into court" in Florida.  *See Sculptchair*, 94 F. 3d 623 at 629.  This court should find that Plaintiff has not met its burden of establishing jurisdiction over the Defendants in Florida.

3

      *2.*      *Plaintiff's Misrepresentations About Defendants' Contacts with Florida.*

Paragraphs 8, 9, 11, 12, 13, and 18 of Mr. Cook's Declaration allege in relevant part that Defendants' clients "have benefited from the unauthorized republication and redistribution of the plaintiff's WORK"; "that Dr. Gershenbaum has gone on record, via written communications to certify the degree of <u>active</u> level of business contact the defendant has had with his Florida Company"; Defendants "actively solicited" Dr. Gershenbaum and other Florida physicians while they "continued to use the plaintiff's WORK, republished globally"; and that they attended an American Academy of Cosmetic Surgery (AACS) meeting in Florida.  Defendants already rebutted these allegations after they were pled.

Specifically, Defendants' Florida clients have not benefitted from the work and Plaintiff makes no attempt to explain how any client other than BHP has benefitted. Defendants did not list the work on any of the websites they own or manage, including LookingYourBest.com with its list of 52 Florida clients.  Dr. Gershenbaum did not go on record, has not been deposed and has not testified.  His hearsay letter does not detail "the active level of business" contact Defendants have with Florida or that he was "actively solicited."  Rather, it states that he will have "no communication" with Defendants.  This not only supports Defendants' position, but further shows that Geoffrey Cook's Declaration is not credible and appears to be the words of his attorney.  As for the AACS, the un-attached Exhibit "C" in his Declaration is the incomplete web-page Defendants have attached as Exhibit "C" to their Motion to Dismiss.[1]  The full page is on  http://cosmeticsurgery.org

---

[1] This is Exhibit "F" in Plaintiff Amended Complaint and Exhibit "C" in Cook's Declaration of December 14, 2011 but is not attached to the April 6, 2012 Declaration.

/AAcS2012/exhibitors.cfm (last visited April 9, 2012).  The meeting was held in Las Vegas, Nevada, not Florida.

None of Plaintiff's specific or general allegations about Defendants' contacts with Florida support invocation of Florida's long arm statute, § 48.193(1)(b).  They also do not meet the three part-test in *Sculptchair*.  Rather, they inappropriately reiterate averments in the Amended Complaint that the Defendants have already rebutted.

3. *Plaintiff's Misrepresentations About Defendants and BHP*.

In paragraphs 21-23 of his Declaration, Geoffrey Cook alleges in relevant part that Plaintiff could not have encountered the work from BHP because "BHP did not have it on their website in … 2008."  Plaintiff originally made this allegation in the Amended Complaint and in Mr. Cook's December 14, 2011 Declaration.  When Defendants filed their March 23, 2012 Motion to Dismiss, they rebutted this allegation by showing that the work was available both on BHP's website in March 2008 and on Yahoo.com Answers in January 2008.  Mr. Cook made no effort to counter these points.  On April 6, 2012, he merely restated the allegations made in the Amended Complaint and in his prior Declaration.  Because Plaintiff has not adequately addressed the Defendants' rebuttals, the Court should not exercise jurisdiction over Defendants in Florida.

Dated this 30th day of April, 2012.

/s/ David P. Hathaway
DAVID P. HATHAWAY
Florida Bar No. 491411
Dean, Mead, Egerton, Bloodworth,
  Capouano & Bozarth, P.A.
Post Office Box 2346
Orlando, Florida 32802-2346

>Telephone:  (407) 841-1200
>Fax:  (407) 423-1831
>E-mail:  dhathaway@deanmead.com
>
>Attorneys for Defendants David
>Stringham and Referral Experts, LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on Monday, April 30, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to all CM/ECF participants.

>/s/ David P. Hathaway
>DAVID P. HATHAWAY
>Florida Bar No. 491411

O0689250v2